**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| IN RE:    MCCLARY, DUSTIN B    ) | CASE NO: <u>**11-03427-hb**</u> |
| ) | CHAPTER: <u>**13**</u> |
| DEBTOR(S).    ) | |
| ) | |

**Sierra R. McClary**

               **Plaintiff,**

       **versus**

**Dustin RB. McClary**

               **Defendant.**

Adv. Proc. No. _____

### Complaint To Deny Discharge of Debt

### Introduction

1. This is an action brought pursuant to 11 USC §§101 et seq. (the Code) and 11 USC 523(a)(2) seeking exception to the discharge for the indebtedness owed by the Defendant Debtors to Sierra R. McClary.

### Jurisdiction and Venue

2. Jurisdiction is conferred on this Court pursuant to the provisions of Section 28 USC §157 in that this proceeding arises under Title 11 of the United States Code, arises in and related to the above referenced Chapter 13 case, and concerns the dischargeability of debt . This is a core proceeding filed pursuant to Fed. R. Bnkr. P. 7001(6).

3. Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

### PARTIES

4. Defendant is a debtor under Chapter 13 of Title 11 of the United States Code, which case is presently pending before this Court.  On 5/26/11, Debtor filed his Chapter 13 Petition seeking to discharge various debts.  Plaintiff was not listed as a creditor.  A 341 hearing was held July 6, 2011.  The Plan is not confirmed.

5. The Plaintiff is not listed in Debtors' Schedule D, E or F as a creditor, but has filed a Proof of Claim contemporaneous with this filing.

### FACTS

6. The parties were husband and wife.  In 2009, their marital residence, 164 Hill Dr, Pacolet, SC, was destroyed in a fire.

7. Upon information and belief, starting in November 2009 through June 2010, their insurance carrier, AllState, made five payment for the loss of the home: 11/11/09 - $4,500.00; 11/18/09 – $21,477.65; 12/11/09-$5,738.95; 2/10/10-$99,310.61;and 6/21/10 -$4,772.27. The total amount is $135,799.48.
8. The checks were payable to both Sierra and Dustin McClary, with one check (2/10/10-$99,310.61) also payable to Citifinancial, the first mortgage lien holder on the residence.
9. Apparently Debtor Dustin McClary received the checks, and converted Plaintiff's portion to his own use.
10. Plaintiff is aware of the $99,310.61 check, and did sign over that check believing it was to be paid to Citifinancial.  However, the balance of Citifinancial's first mortgage was approximately $13,000.  It is believed Debtor negotiated the check with Citifiancial, having previously paid off the mortgage, and had the full check re-issued to him for his sole use.
11. Plaintiff asserts that she was not advised as to the existence of the other four checks, nor of the endorsement over of the Citifinancial check.
12. A review of the 11/11/09 check in the amount of $4,500.00 was negotiated with a forged signature for her endorsement.  Upon information and belief, the other three checks were also forged.
13. The $99,310.61 check was to be used to rebuild the residence.  Plaintiff was informed the house would be rebuilt and the house sold, with the proceeds to be divided.
14. Debtor apparently pocketed all the checks for his own pecuniary interest.
15. On Debtor's schedules, he shows a new residence he purchased located at 547 Wooden Duck St, Spartanburg, SC.  At the 341 hearing, Debtor testified he paid cash for this residence using the proceeds from the insurance.
16. The marital residence was encumbered by a second mortgage to Wells Fargo Bank NA.  Wells Fargo filed a foreclosure suit, 2010-CP-42-3692, in July 2010, impairing Plaintiff's credit.
17. Plaintiff files this Adversary Proceeding to deny the discharge of the judgment debt.

**First Claim for Relief**

**11 USC 523(a)(2)(A)**

18. The above paragraphs are restated.
19. Debtor seeks to discharge one-half of the amount Debtor converted to his own pecuniary interest.
20. Debtor made false and fraudulent statements to Plaintiff as to the use of the money (intention to rebuild house), false pretenses (forgery of Plaintiff's signature), and actual

fraud (silence as to receipt of other checks and use of forgery) specifically in the "use" of the $99,310 check, and was silent in informing Plaintiff of the receipt of the remaining checks and forgery of Plaintiff's signature.

21. Silence of a material fact is fraud under common law of South Carolina.

22. Debtor forged Plaintiff's signature to obtain money by false pretenses.

23. The conduct of Debtor in obtaining the monies of Plaintiff was through material misstatements, silence of material facts, forgeries of Plaintiff's signature, and constitutes: (1) a representation; (2) its falsity; (3) its materiality; (4) either knowledge of its falsity or a reckless disregard of its truth or falsity; (5) intent that the representation be acted upon; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury.

24. The willful and wanton nature of the scheme by Debtor, substantiates punitive damages be awarded.

25. Plaintiff seeks actual damages in the amount of $67,899.74, and punitive damages.

26. Plaintiff seeks a finding of non-dischargeability of the resultant judgment pursuant to 11 USC 523(a)(2).

**Wherefore,** Debtor prays for the requested relief.

Specifically, a finding of fraud as against Debtor, for actual and punitive damages;

And a finding of non-dischargeability of the debt to Plaintiff pursuant to 11 USC 523(a)(2) as to the resulting judgment.

And such other relief as allowed in law or equity.

July 26, 2011

**RESPECTFULLY SUBMITTED**
**DAVID C. ALFORD, P.C.**

/s/ David C. Alford
David C. Alford
Fed ID 6630
PO Box 6326
Spartanburg, SC  29304
Attorney for Plaintiff